IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

UNITED STATES LIABILITY
INSURANCE COMPANY,

    Petitioner,

v.                                  CASE NO. _____

CRAGNACKER'S
BAR & GRILL, INC.,
DAVE EVERETT, and
CHELSEA LEE ROBERTS,

    Respondents.

## PETITION FOR DECLARATORY RELIEF

Petitioner, United States Liability Insurance Company, through counsel, seeks a declaration that it has no duty to indemnify or defend any person or entity claiming to be insured under a policy of insurance issued by it by reason of the fact that claims made against them in connection with a particular incident arise from conduct specifically excluded under the subject policy. For its Petition for Declaratory Judgment, United States Liability Insurance Company states to the Court:

### PARTIES

1.    Petitioner, United States Liability Insurance Company ("USLI") is a Pennsylvania corporation with its principal place of business located at 190 South Warner Road, Wayne, Pennsylvania 19087-2191, and is an eligible surplus lines insurer writing insurance in the State of Tennessee.

2.    Respondent, Cragnacker's Bar & Grill, Inc. ("Cragnacker's"), at all

times relevant was a restaurant/bar with its principal place of business in Nashville, Davidson County, Tennessee. It operates as a Tennessee corporation and can be served be served through its registered agent for service of process, Dave Everett, at 4700 Old Hickory Boulevard, Nashville, Tennessee 37218.

3. Respondent, Dave Everett ("Everett"), upon information and belief, is a resident and citizen of Nashville, Davidson County, Tennessee and can be served at 4700 Old Hickory Boulevard, Nashville, Tennessee 37218. Respondent Everett is the owner and operator of Cragnacker's.

4. Respondent, Chelsea Lee Roberts ("Roberts"), upon information and belief, is a resident and citizen of Old Hickory, Davidson County, Tennessee and resides there at 4635 Woodview Circle.

## JURISDICTION AND VENUE

5. Petitioner brings this action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

6. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and cost.

7. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## GENERAL ALLEGATIONS

8. On or about May 18, 2007, USLI issued a liability insurance policy to Cragnacker's Bar & Grill, Inc., Policy No. CP1119694B (the "Policy"). The "Policy" had a term of 12 months beginning on the effective date of May 18, 2007. The expiration date of the "Policy" was May 18, 2008. A copy of the "Policy" is attached

hereto as Exhibit "A."

9. Respondent Roberts has alleged that on or about December 14, 2007, while she was a patron at Cragnacker's, she was injured by Everett while being separated from another patron during the suppression of an assault and battery. Roberts filed suit against Cragnacker's and Everett in a Tennessee state court in an action styled *Chelsea Lee Roberts v. Cragnacker's Bar & Grill and Dave Everett,* civil action No. 08C-2302, in the Circuit Court for Davidson County Tennessee at Nashville (the "Original Underlying Complaint"). A copy of the "Original Underlying Complaint" is attached hereto as Exhibit "B." Roberts subsequently amended the "Original Underlying Complaint" (the "Amended Underlying Complaint"). A copy of the "Amended Underlying Complaint" is attached hereto as Exhibit "C."

10. In the "Original Underlying Complaint" Roberts alleges that she was injured by the negligence of Everett, and by an assault and battery perpetrated by Everett, both committed while he was attempting to suppress an assault and battery between Roberts and another patron of Cragnacker's. In particular, Roberts alleges that she suffered a broken leg when she fell while being escorted out of Cragnacker's.

11. In the "Amended Underlying Complaint" Roberts only alleges that she was injured by the negligence of Everett, committed while he was attempting to suppress an assault and battery between Roberts and another patron of Cragnacker's. Again, Roberts alleges that she suffered a broken leg when she fell while being escorted out of Cragnacker's.

12. The "Original Underlying Complaint" seeks compensatory and punitive damages for the conduct which is alleged to have caused Roberts' injuries.

3

13. The "Amended Underlying Complaint" only seeks compensatory damages for the conduct which is alleged to have caused Roberts' injuries.

14. Everett and Cragnacker's have made demand on USLI that it defend and indemnify them in connection with the claims asserted in the underlying action.

15. USLI has provided a defense to Everett and Cragnacker's while reserving its rights under the Policy to assert contractual defenses to deny and disclaim all coverage for the claims which form the basis of the "Original Underlying Complaint" and "Amended Underlying Complaint."

## THE POLICY

16. The USLI policy provides coverage, under **Section I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, as follows, in relevant part:

> 1. **Insuring Agreement**
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
>    b. This insurance applies to "bodily injury" and "property damage" only if:
>
>       (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

4

17. The USLI policy defines "occurrence" under **Section V – DEFINITIONS**, as follows:

> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18. The USLI policy contains certain exclusions, under **Section I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, as follows:

> **2.** Exclusions
>
> This insurance does not apply to:
>
> a. Expected Or Intended Injury "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

19. The USLI policy contains endorsement **L - 202 (10/06),** entitled **ASSAULT or BATTERY EXCLUSION**, which, in part, provides:

> This insurance does not apply to:
>
> Any claim, demand or "suit" based on "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery", including the use of reasonable force to protect persons or property, whether caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or any other person.
>
> This exclusion applies to all "bodily injury", "property damage" or "personal or advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of assault or battery whether alleged, threatened or actual including but not limited to

5

assault or battery arising out of negligence or other wrongdoing with respect to:

    a.    Hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible; or

    b.    Investigation or reporting any assault or battery to the proper authorities, or

    c.    The failure to so report or the failure to protect any person while that person was in the care, custody or control of the insured, its "employees", agents, officers or directors.

"Assault" means the threat or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature.

"Battery" means negligent or intentional wrongful physical contact with another without consent that results in physical or emotional injury. A copy of the "Assault or Battery Exclusion" is attached hereto as Exhibit "D."

20. USLI's rights under the policy have been called into question and, by this Petition, USLI seeks a declaration of its rights and obligations with respect to the aforesaid "Amended Underlying Complaint".

21. USLI desires a finding by this Court that under the above-referenced policy of insurance, USLI has no duty to defend or indemnify any person or entity in connection with the "Amended Underlying Complaint".

22. There exists an actual controversy between USLI and the Defendants in the "Amended Underlying Complaint" concerning their rights and duties in that USLI contends that it does not have a duty to defend anyone against the claims made in the "Amended Underlying Complaint" and that it does not have to indemnify anyone for any damages arising from the "Amended Underlying Complaint" filed by Roberts.

23. There is a bona fide actual present and practical need for the declaration

6

that no coverage exists under the policy and a determination of the rights and obligations of USLI.

24. After the issues have been joined, this matter should be be advanced on the calendar for a speedy hearing pursuant to rule 57 of the Federal Rules of Civil Procedure;

WHEREFORE, Petitioner, USLI respectfully requests this Court to advance the hearing of this matter on the calendar for a speedy hearing pursuant to rule 57 of the Federal Rules of Civil Procedure and thereafter enter a judgment declaring that:

- A. USLI has no duty to defend any person or entity in connection with the "Amended Underlying Complaint" or the incident which forms the basis for the "Amended Underlying Complaint".
- B. USLI has no duty to indemnify any person or entity in connection with any verdicts, judgments, or settlements in the "Amended Underlying Complaint" or the incident which forms the basis for the "Amended Underlying Complaint".
- C. USLI further requests judgment for its costs and any disbursements incurred herein and for such other relief to which it may be entitled.

Respectfully submitted,

SHUTTLEWORTH WILLIAMS, PLLC

BY: _____
MICHAEL G. DERRICK (#14820)
ROBERT W. BRILEY (#18560)
301 S. Perimeter Park Drive, Suite 100
Nashville, Tennessee 37211
(615)833-3390

**Attorneys for Petitioner**